DA 09-0160

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 17N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MICHAEL JEFFREY ANDERSON,

Defendant and Appellant.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 2007-089C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Joslyn Hunt, Chief Appellant Defender, Jim Wheelis, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

Marty Lambert, Gallatin County Attorney, Eric N. Kitzmiller, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  January 20, 2010

Decided:  February 2, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Jeffrey Anderson (Anderson) appeals from his conviction for felony assault with a weapon, misdemeanor assault, and misdemeanor partner family member assault. Anderson also appeals from the imposition of a probation condition which prohibited him from using alcohol or entering establishments where alcohol is the chief item of sale. The State concedes on appeal that the District Court erred in imposing this probation condition on Anderson, and agrees this probation condition should be stricken. Accordingly, we remand Anderson's sentence to the District Court to strike the alcohol prohibition. Otherwise, we affirm Anderson's conviction.

¶3 At trial, Anderson sought to introduce transcripts of interviews of Anderson conducted by law enforcement officers. Certain portions of these transcripts had been redacted, although the transcripts themselves were referred to numerous times at trial. Anderson sought admission of the entire transcripts, arguing they were not hearsay under M. R. Evid. 801(d)(2), the "admissions by a party opponent" exception to the hearsay rule. The District Court denied the admission of the transcripts.

¶4 On appeal, Anderson argues the District Court abused its discretion in denying the admission of the transcripts. However, Anderson does not argue that the transcripts are admissible under M. R. Evid. 801(d)(2). Instead, he raises an entirely new argument for the first time on appeal, and claims the transcripts are admissible under M. R. Evid. 106.

¶5 In its response brief, the State points out that this argument is being raised for the first time on appeal, and argues this Court should decline to consider it. Anderson filed no reply brief.

¶6 We have repeatedly held that we will generally not consider arguments raised for the first time on appeal, because it is fundamentally unfair to fault the district court on an issue it was never given an opportunity to consider. *State v. Dewitz*, 2009 MT 202, ¶ 30, 351 Mont. 182, 212 P.3d 1040 (citing *State v. Peterson*, 2002 MT 65, ¶ 24, 309 Mont. 199, 44 P.3d 499). An exception to this general rule is found under the doctrine of "plain error" review. *See State v. Rovin*, 2009 MT 16, ¶ 29, 349 Mont. 57, 201 P.3d 780. Anderson has not argued for the applicability of the plain error doctrine in this case. Accordingly, we decline to further consider Anderson's challenge to the District Court's decision denying the admission of the transcripts.

¶7 We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the record before us that the District Court did not abuse its discretion in denying Anderson's admission of the transcripts under M. R. Evid. 801(d)(2). Therefore, we affirm Anderson's conviction. However, we conclude the District Court erred in imposing the alcohol prohibition as a condition of

Anderson's probation, and remand this matter to the District Court to strike this condition

from his sentence.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS